UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAINTERS & ALLIED TRADES <br> DISTRICT COUNCIL NO. 35 <br> Plaintiff, <br><br> v. <br><br> PAYNE CONTRACTING CO. <br> Defendant. | 05.10053 NG <br><br> MAGISTRATE JUDGE _____ <br><br> C.A. No. <br> RECEIPT # 64327 <br> AMOUNT $ 150 <br> SUMMONS ISSUED 4/5 <br> LOCAL RULE 4.1 ___ <br> WAIVER FORM ___ <br> MCF ISSUED ___ <br> BY DPTY. CLK. ___ <br> COMPLAINT 1/10/05 |

1. This is an action to enforce a labor arbitration award pursuant to §301 of the Labor Management Relations Act (the "Act"), 29 U.S.C. §185. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337.

2. Plaintiff, Painters & Allied Trades District Council No. 35, is a labor organization within the meaning of 29 U.S.C. §152(5) and is the duly authorized collective bargaining representative of painters and their allied trades employed in Massachusetts, Maine, New Hampshire and Vermont. Plaintiff maintains its principal office in Roslindale, Massachusetts.

3. Defendant, Payne Contracting Co., is an employer within the meaning of 29 U.S.C. §152(2) and §185, conducts business in this judicial district and has its principal place of business in Dorchester, Massachusetts.

4. Plaintiff and Defendant are parties to a collective bargaining agreement that is a contract within the meaning of 29 U.S.C. §185(a) and that, among other things, provides for arbitration of disputes arising under the agreement.

5. Plaintiff invoked the grievance and arbitration provision of the applicable collective bargaining agreement and submitted to arbitration several disputes with Defendant that had arisen under the collective bargaining agreement.

6. The parties' collective bargaining agreement provides that the Joint Trade Board is authorized to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints" and that the Joint Trade Board's decisions are binding as to the parties.

7. Following hearings in Boston, Massachusetts on July 12, 2004 and August 31, 2004 on the Plaintiff's grievances, at which the Defendant appeared after being given proper notice, the Joint Trade Board duly issued Awards on July 15, 2004 and September 2, 2004 sustaining Plaintiff's grievances. In the first case, the Joint Trade Board ordered the Defendant to pay its Union Steward sixteen (16) hours of pay at time and one-half and remit sixteen (16) hours of fringe benefit contributions on his behalf to the Plaintiff's affiliated funds. In the second case, the Joint Trade Board awarded Plaintiff and its affiliated funds the total amount of $7,491.92 representing delinquent contributions, liquidated damages and costs and fees. The Joint Trade Board ordered the Defendant to provide payment of the amounts within ten (10) days of receipt of the respective Awards. (Awards attached hereto as Exhibits "A" and "B"). Defendant received the Joint Trade Board Awards on July 16, 2004 and September 3, 2004, respectively.

8. To date and without any lawful justification, Defendant has refused to comply with the Joint Trade Board's Awards.

9. The Massachusetts Arbitration Act requires that any action to vacate an arbitration award be filed within thirty (30) days of the award. M.G.L. c. 150 § 11.

10. Defendant failed to file an action to vacate the arbitration award within thirty (30) days of its receipt.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant:

A. ordering the Defendant to pay its Union Steward sixteen (16) hours of pay at time and one-half and pay sixteen (16) hours of fringe benefit contributions on his behalf with pre-judgment interest from ten days after the receipt of the Award as provided for in the collective bargaining agreement;

B. ordering Defendant to pay the Joint Trade Board the amount of $7,491.92 with pre-judgment interest from ten days after the receipt of the Award as provided for in the collective bargaining agreement;

C. ordering the Defendant to pay Plaintiff's costs and attorney's fees for bringing this action;

D. awarding such other and further relief as may be just and proper; including, but not limited to, declaring that the Defendant is time-barred from asserting any affirmative defenses because the statutory period of thirty (30) days has elapsed.

Plaintiff,
Painters & Allied Trades District Council No. 35,
By its attorney,

_____
Michael A. Feinberg, BBO #161400
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

DATED: January 6, 2005

3

Chairman - Secretary
Thomas J. Gunning
PFEANE, Inc.
GEANE, Inc.

# NEW ENGLAND
## PAINTING, FINISHING & GLAZING INDUSTRIES
### DC 35 Joint Trade Board

Painters and Allied Trades District Council No. 35
Labor & Management Working Together in MA, ME, NH, VT

Treasurer
Ralph Harriman
District Council No. 35

CERTIFIED MAIL

DC-21

July 15, 2004

Mr. Emmanuel Payne
Payne Contracting Co.
34 Mallon Road
Dorchester, MA 02121

Dear Mr. Payne:

This matter came before the New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board at a hearing on July 12, 2004 at the offices of Painters District Council No. 35, 25 Colgate Road, Roslindale, MA.

Bill Doherty, DC 35 Bus. Representative presented the evidence supporting the charge.

Mr. Doherty testified that the charges against the Company involve violations of the Working Agreement, specifically Article XVII,B Subcontracting; Article XVI, A,B,C Shop Steward Protected and Article IV, A,B,C Union Security Clause.

Mr. Doherty described, in detail, how on Saturday, June 26, 2004, he discovered Emmanuel Payne working on the Blue Hills Estate project in Roxbury, MA. Painters DC 35 was not notified of the overtime, nor was the shop steward, Edgar Della Cruz. On Sunday, June 27, 2004, Emmanuel Payne was again working on the project along with two (2) painters without notifying Painters DC 35 or the shop steward. On Wednesday, June 30, 2004, one (1) painter was working on the second shift without notifying the shop Steward.

Based upon the evidence, the Board unanimously voted that Payne Contracting Company violated the Working Agreement, specifically Article IX, Funds General Requirements, Article X, Dues Check-Off, Article XVII,B Subcontracting; Article XVI, A,B,C Shop Steward Protected; and Article IV, A,B,C Union Security Clause. The Board was also made aware of (3) pending Overtime Registration violations.

Based upon the evidence, the Board unanimously agreed that Payne Contracting Company pay the Steward, Edgar Della Cruz a check for the amount of sixteen hours pay at time and one-half, less statutory deductions and a check payable to DC 35 Funds Office for the amount of sixteen hours for benefits on behalf of Mr. Della Cruz. In order to monitor compliance with this Award both checks should be mailed to the Joint Trade Board. Also, an administrative fee of $200 made payable to the New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board should be mailed to: New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board, 1400 Hancock St., 7th floor, Quincy, MA 02169, along with the two checks stated above is due within ten (10) days following the receipt of this Award.

In the event that the company fails to comply with any of the terms of this Award and the union prevails at any proceeding to obtain judicial enforcement of the Award, the union's reasonable attorney's fees incurred in such proceedings, as determined by the court on an application for attorney's fees, shall be deemed and, hereby is, a part of this Award. In addition to attorney's fees the union shall be entitled to pre-judgment interest on any amount found to be owed by the company from a date ten (10) days after the company's receipt of the Award, which interest shall be calculated at 1-1/2 % above prime up to $500.00 and 2% above prime over $500.00 or any other higher amount allowed by law or regulation. The Board voted unanimously for the findings, conclusions and awards set forth herein.

For your information, a copy of the Appeal Procedure is attached hereto.

Cordially,

Thomas J. Gunning
Chairman/Secretary

Enclosure

cc: Ralph Harriman, Business Manager
Sharon Saganey, Funds Administrator
Painters & Allied Trades District Council No. 35
Michael A. Feinberg, Esq., Feinberg, Campbell & Zack, P.C.
Wm. Doherty, Bus. Rep., DC 35

Chairman - Secretary
Thomas J. Gunning
PFEANE, Inc.
GEANE, Inc.

NEW ENGLAND
PAINTING, FINISHING & GLAZING INDUSTRIES

# DC 35 Joint Trade Board

Painters and Allied Trades District Council No. 35
Labor & Management Working Together in MA, ME, NH, VT

Treasurer
Ralph Harriman
District Council No. 35



CERTIFIED MAIL

**FAC-42**

September 2, 2004

Mr. Emmanuel Payne
Payne Contracting Co.
34 Mallon Road
Dorchester, MA 02121

Dear Mr. Payne:

    This matter came before the New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board at a hearing on August 31, 2004, at the offices of Painters District Council No. 35, 25 Colgate Road, Roslindale, MA. You appeared on behalf of the Company in your capacity as its owner. Painters & Allied Trades District Council No. 35 submitted the charges to the Board.

    Heather Palmacci, DC 35 Funds office, presented the evidence supporting the charge.

    Ms. Palmacci testified that the charges against the company involved violations of the Working Agreement, specifically Article IX, Section 3, <u>Failure to Pay.</u>

    Ms. Palmacci testified that the company is delinquent to the funds for the period of May 12, 2004 through June 30, 2004, in the amount of $5,826.60. Ms. Palmacci further testified that the company is three weeks' delinquent in turning in work reports.

    Based upon the evidence, the Board unanimously voted that Payne Contracting Co. was delinquent in the amount of $5,826.60.

    In addition, the Board voted that Payne Contracting Co. be required to pay 20% liquidated damages and an administrative fee of $200 within ten (10) days following the receipt of this Award. Therefore, a check in the amount of $7,191.92, made payable to the New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board and should be mailed to New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board, 1400 Hancock St., 7th floor, Quincy, MA 02169.

    In the event that the company fails to comply with any of the terms of this Award and the union prevails at any proceeding to obtain judicial enforcement of the Award, the union's reasonable attorney's fees incurred in such proceedings, as determined by the court on an application for attorney's fees, shall be deemed and, hereby is, a part of this Award. In addition to attorney's fees the union shall be entitled to pre-judgment interest on any amount found to be owed by the company from a date ten (10) days after the company's receipt of the Award, which interest shall be calculated at 1-1/2 % above prime up to $500.00 and 2% above prime over $500.00 or any other higher amount allowed by law or regulation.

The Board voted unanimously for the findings, conclusions and awards set forth herein.

For your information, a copy of the Appeal Procedure is attached hereto.

Cordially,

*Thomas J. Gunning*

Thomas J. Gunning
Chairman/Secretary

Enclosure

cc:     Ralph Harriman, Business Manager
        Sharon Saganey, Funds Administrator
        Painters & Allied Trades District Council No. 35
        Michael A. Feinberg, Esq., Feinberg, Campbell & Zack, P.C.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) <u>Painters & Allied Trades District Council No. 35 v. Payne Contracting Co.</u>

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   05-10053 NG

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                         YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                         YES ☐    NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                         YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                         YES ☐    NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                         YES ☒    NO ☐

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION ☒      CENTRAL DIVISION ☐      WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION ☐      CENTRAL DIVISION ☐      WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>Michael A. Feinberg, Esq.</u>
ADDRESS <u>177 Milk Street, Boston, MA 02109</u>
TELEPHONE NO. <u>617-338-1976</u>

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Painters & Allied Trades District Council No. 35

### DEFENDANTS
Payne Contracting Co.

(b) County of Residence of First Listed Plaintiff  **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109       617-338-1976

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights |  | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
|  |  / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

enforcement of arbitration award pursuant to §301 of the Labor Management Relations Act, 29 U.S.C. §185

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 7,491.92
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: January 6, 2005
SIGNATURE OF ATTORNEY OF RECORD: /s/ Michael A. Feinberg

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____